IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRI D. NGUYEN,

      Plaintiff,                       No. 2: 10-cv-1461 WBS KJN P

     vs.

BARTOS, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to compel filed August 24, 2011. For the following reasons, defendants' motion is granted.

        Defendants contend that plaintiff failed to adequately respond to interrogatories, set two, nos. 2, 3, 5, 8, 9, 11, 12, 13, 14, 15, 16, 18-25, on grounds that his responses were fully or partially written in Vietnamese. Defendants also contend that plaintiff failed to adequately respond to interrogatories, set two, nos. 1, 2, 4, 5, 6, 7, 9, 10, 11, 13, 15, 16, 17, 19 and 25, on grounds that incorporation by reference is not the proper way to respond to interrogatories.

        *Responses in Vietnamese*

        In the motion to compel, defendants observe that their previous correspondences with plaintiff as well as plaintiff's motions and past discovery responses were in English.

1

1  Defendants also state that they provided a Vietnamese interpreter for plaintiff at his deposition.
2  However, the interpreter was used only twice, both times to spell names.  Defendants suggest that
3  plaintiff's claim that he cannot adequately read and write English is not sincere.
4          In his opposition to the motion to compel, plaintiff first alleges that defendants
5  told him that they would not file a motion to compel if he signed a release authorizing them to
6  review his prison records.  The record reflects that this "agreement" concerned defendants'
7  willingness not to file a motion to compel regarding a request for production of documents,
8  rather than interrogatories.
9          In his declaration submitted in support of his opposition, plaintiff states that he
10 has very limited understanding of the English language.  Plaintiff contends that he cannot read,
11 write or understand English very well.  Plaintiff alleges that he has obtained assistance from other
12 prisoners in preparing his pleadings, including the opposition to defendants' motion to compel.
13 Plaintiff also states that on June 26, 2011, he was stabbed by another inmate and placed in
14 administrative segregation.  While in administrative segregation, he could not contact anyone or
15 ask for inmate assistance in preparing his pleadings.
16         While plaintiff may have some difficulty with communicating in English, either
17 verbally or in writing, he is obligated to litigate this action in English.[1]  Plaintiff apparently relies
18 on legal assistance from other inmates, to whom he apparently did not have access when he
19 prepared his responses to the interrogatories.  According to his declaration submitted in
20 opposition to defendants' motion, plaintiff now has access to inmates who can assist him in
21 preparing his pleadings.  Accordingly, plaintiff is directed to serve defendants with supplemental
22 responses to the at-issue interrogatories in English.
23 ////
24 ////

---

[1] While appointment of counsel may alleviate some of the alleged language issues in this case, the undersigned has determined that appointment of counsel is not warranted at this time.

*Incorporation by Reference*

Defendants argue that incorporation by reference is not permitted in responding to interrogatories. In support of this argument, defendants cite Asyst Technologies, Inc. v. Empak, Inc., 2006 WL 1749592 (N.D. Cal. June 22, 2006). In Asyst, District Judge Fogel commented that "[t]he Court remains of the opinion that incorporation by reference is not permitted under Rule 33(b), as noted in Federal Civil Procedure Before Trial, ¶ 11: 1731 (The Rutter Group 2005." 2006 WL 1749592 at * 1.

Other courts have found that incorporation by reference may be permitted in certain circumstances. For example, in Howard v. Urban Inv. Trust, Inc., 2011 WL 976767 (N.D. Ill. March 18, 2011), the district court found that incorporation by reference was proper:

> "Ordinarily, responses to interrogatories should not incorporate outside material by reference. Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, other documents, or other interrogatories, at least when a reference to another interrogatory makes it difficult to ascertain if the original interrogatory has been answered completely without a detailed comparison of answers." 7-33 Moore's Federal Practice-Civil § 33.103. While referencing outside documents is disfavored, it is not prohibited. Courts have allowed outside reference where the reference is clear and not meant to evade answering. See e.g. Williams v. Sprint/United Management Co., 235 F.R.D. 494, 501 (D.Kan. 2006) ("Plaintiffs may not answer the interrogatory by generally referring Defendant to the ... documents produced ... but rather must indicate with specificity where the information can be found."); Kenney v. Shaw Industries, Inc., 764 F.Supp. 1501, 1503 (N.D.Ga. 1991) ("Plaintiff's incorporation by reference in this case is not an attempt to obscure its response to Defendant's interrogatory, but instead is an attempt to respond.").
>
> Here, we find that plaintiff's response to Interrogatory No. 4 serves as a sufficient response to Interrogatory No. 5, both of which seek the factual support for Gardner's alleged misconduct. Plaintiff's references to the documents are unmistakably specific. Additionally, plaintiff's responses include parenthetical descriptions of the facts that she purports supports the allegations against Gardner. While plaintiff's response is not in narrative form, the Court finds that it satisfies the requirements of Rule 33.

2011 WL 976767 at * 1-2.

Plaintiff incorporated by reference documents which were attached to his response to defendants' request for production of documents. Plaintiff's references to documents appear to be fairly specific. For example, in response to interrogatory no. 4 which asked "How did Bartos deny you dental treatment on September 2, 2009?", plaintiff wrote, "Please see supporting fact at exhibit 'C' at (pp. 3-3 at count I) see also at Exhibit 'I' my witness declaration dated: 9-9-11 and exhibit B." (Dkt. No. 42-4 at 14.)

Plaintiff's incorporations by reference may be appropriate responses if plaintiff includes some parenthetical descriptions in support of the responses, as did the plaintiff in Howard v. Urban Inv. Trust, Inc., supra. Accordingly, if plaintiff's supplemental responses incorporate documents by reference, plaintiff must still provide written responses to the interrogatories.

*Sanctions*

Defendants also move for sanctions based on plaintiff's failure to adequately answer the interrogatories. Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is granted, the losing party shall pay the movant's reasonable attorney's fees. However, the court must not order payment if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(C).

In the instant case, plaintiff's ability to adequately respond to the interrogatories was apparently impacted by his inability to obtain inmate assistance while he was in administrative segregation. Under these circumstances, awarding expenses against plaintiff would be unjust. For this reason, defendants' motion for sanctions is denied.

////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that defendants' motion to compel (No. 42) is granted; within twenty-eight days, plaintiff shall serve defendants with supplemental responses to the at-issue interrogatories discussed above.

DATED: September 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nguy1461.com(3)