IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRI D. NGUYEN,

    Plaintiff,                      No. 2:10-cv-1461 WBS KJN P

    vs.

BARTOS, et al.,

    Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 23, 2011, defendant filed a summary judgment motion. On October 11, 2011, plaintiff filed a motion for a sixty day extension of time to file an opposition. On October 17, 2011, the undersigned granted this request.

        On December 7, 2011, plaintiff filed a motion for appointment of counsel. In this motion, plaintiff states that he has limited understanding of the English language. Plaintiff also states that he cannot read or write English very well. Plaintiff states that he does not understand the law. For these reasons, plaintiff alleges that he cannot prepare an opposition to defendants' summary judgment motion and requests appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist.</u>

Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

After reviewing the record, the undersigned again does not find the required exceptional circumstances. Plaintiff's pleadings to date indicate that plaintiff is not illiterate, although his knowledge of the English language is limited. There is one defendant in this action, defendant Bartos. Plaintiff alleges that defendant Bartos refused to take him to a dental appointment and falsely charged him with a rules violation. The issues involved in this action are not particularly complex. Therefore, plaintiff's request for the appointment of counsel is denied. Plaintiff is granted thirty days to file an opposition to defendants' summary judgment motion. Failure to file an opposition will be deemed a waiver of opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 7, 2011 motion for the appointment of counsel (Dkt. No. 53) is denied;

2. Plaintiff is granted thirty days from the date of this order to file an opposition to defendants' summary judgment motion; failure to file an opposition will be deemed a waiver of opposition.

DATED: April 12, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nguy1461.31thr