IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRI D. NGUYEN,

      Plaintiff,                             No. 2: 10-cv-1461 WBS KJN P

   vs.

BARTOS, et al.,

      Defendants.                   <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action filed pursuant to 42 U.S.C. § 1983. On May 30, 2012, the undersigned recommended that defendants' summary judgment motion be granted. However, pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, __F.3d __, 2012 WL 2626912 (9th Cir., July 06, 2012 ), it is necessary to vacate the May 30, 2012 findings and recommendations, deem defendants' summary judgment motion re-noticed as of the filing date of this order, and to provide contemporaneous notice to plaintiff of the requirements for opposing a motion for summary judgment.

        The Ninth Circuit requires that pro se prisoner plaintiffs be provided notice of the requirements for opposing a motion for summary judgment "at the time the defendants' motions are filed." <u>Woods</u>, 2012 WL 2626912 at *1, *5, citing <u>Rand v. Rowland</u>, 154 F.3d 952, (9th Cir. 1998) (en banc); see also <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th Cir. 1988). The

1

district court may provide such notice if defendants fail to do so.  Woods, 2012 WL 2626912 at *5.  When provided by defendant, the notification must be set forth in "a separate document, served with the moving papers, and state[] that the court has required that it be given."  Rand, 154 F.3d at 960; Woods, 2012 WL 2626912 at *4.  The Ninth Circuit held that these requirements apply to both "pending and future cases."  Woods at *6.

In the present case, defendants filed a motion for summary judgment without apparently providing the requisite notice to plaintiff.  (See Dkt. No. 48.)  Plaintiff did not oppose defendants' motion.  In light of Woods, this court finds it necessary to deem defendants' motion for summary judgment re-noticed as of the filing date of this order, and to contemporaneously notify plaintiff of the requirements for opposing the motion, as set forth below.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion for summary judgment filed by defendants on September 23, 2011 (Dkt. No. 48) is deemed re-noticed as of the filing date of this order, and shall be so designated on the docket by the Clerk of Court.

2. Plaintiff is hereby informed of the following requirements for opposing a motion for summary judgment:

> Pursuant to Woods v. Carey, __F.3d __, 2012 WL 2626912 (9th Cir., July 06, 2012, Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the following requirements apply for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.
>
> To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of

1  perjury have no evidentiary value.  Plaintiff may serve and file one
   or more affidavits or declarations setting forth the facts that
2  plaintiff believes prove plaintiff's claims; the person who signs an
   affidavit or declaration must have personal knowledge of the facts
3  stated.  Plaintiff may rely on written records, but plaintiff must
   prove that the records are what plaintiff asserts they are.  Plaintiff
4  may rely on all or any part of the transcript of one or more
   depositions, answers to interrogatories, or admissions obtained in
5  this proceeding.

6  If plaintiff fails to contradict the defendant's evidence with
   counteraffidavits or other admissible evidence, the court may
7  accept defendant's evidence as true and grant the motion.  If there
   is some good reason why such facts are not available to plaintiff
8  when required to oppose a motion for summary judgment, the
   court will consider a request to postpone consideration of the
9  defendant's motion.  See Fed. R. Civ. P. 56(d).

10 If plaintiff does not serve and file a written opposition to the
   motion, or a request to postpone consideration of the motion, the
11 court may consider the failure to act as a waiver of opposition to
   the defendant's motion.  See L.R. 230(l).
12
   If the court grants the motion for summary judgment, whether
13 opposed or unopposed, judgment will be entered for the defendant
   without a trial and the case will be closed as to that defendant.  In
14 the present case, summary judgment for defendant would end the
   entire case.
15

16     3.  Within twenty-one days after the service date of this order, plaintiff may file an

17 opposition to defendants' motion for summary judgment, L.R. 230(l).

18     4.  Within seven days after the date of service of the opposition, defendants may

19 file a reply.

20     5.  The May 30, 2012 findings and recommendations (Dkt. No. 59) are vacated.

21 DATED:  July 18, 2012

22

23                                          _____
                                            KENDALL J. NEWMAN
24                                          UNITED STATES MAGISTRATE JUDGE

25 ng1461.rand

26

3